UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OLIVER A. CAMPBELL, | ) | 1:10-cv—01681-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING THE PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS (DOC. 1) |
| | ) | |
| v. | ) | ORDER DIRECTING THE CLERK TO |
| | ) | ENTER JUDGMENT FOR RESPONDENT |
| H. A. RIOS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on September 27, 2010, and on behalf of Respondent on May 23, 2011. Pending before the Court is the petition, which was filed on September 16, 2010.

1

Respondent filed an answer to the petition on March 28, 2011. No traverse was filed.

I. Jurisdiction

A. Subject Matter Jurisdiction

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Here, Petitioner alleges that he was denied procedural rights and due process of law in connection with a prison disciplinary hearing, which resulted in a loss of good conduct time credits. A due process claim concerning parole, good time, or other rules administered by a prison administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2241(c)(3). See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning disciplinary procedures and findings). If a constitutional violation has resulted in the loss of time credits, it affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus.

1  Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

2  Accordingly, the Court concludes that it has subject matter
3  jurisdiction over the petition.

### B. Jurisdiction over the Person

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). A failure to name and serve the custodian deprives the Court of personal jurisdiction. Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, at all pertinent times, Petitioner has been incarcerated at the United States Prison at Atwater, California (USPA), which is located within the territory of the Eastern District of California. Petitioner named H. A. Rios, the Warden of USPA, as Respondent.

Accordingly, the Court concludes that it has personal jurisdiction over the Respondent.

### II. Factual and Procedural Summary

The facts and procedural history are derived from copies of

3

reports that were filed by Respondent in support of the answer and that are established by the declaration of Robert J. Ballash, Discipline Hearing Administrator of the Federal Bureau of Prisons (BOP), to be true and accurate copies of documents created and maintained by the BOP in the ordinary course of business. (Doc. 8-1, 2-7.)

The incident report of Correctional Officer B. Pavey dated October 3, 2009, reflects that on that date, Officer Pavey discovered a sharpened metal object approximately six and one-half inches long while he was conducting a random search of a cell that Petitioner shared with another inmate. The object was found magnetized underneath the door of the cell. Petitioner told both the investigating officer and the unit disciplinary committee that the object was his. (Ans., doc. 8-1 at 16-17.) Petitioner assured the committee that his cell mate had nothing to do with it, and Petitioner was going to take responsibility for the object. (Id. at 16.) Evidence before the disciplinary fact finder also included a photograph of the object. (Ans., doc. 8-2 at 3, 6.)

Petitioner received a copy of the incident report on October 4, 2009. (Ans., doc. 8-1, 16.) The unit disciplinary committee referred the charge to the disciplinary hearing officer (DHO) for further hearing and consideration of sanctions on October 5, 2009. (Id.) On October 5, 2009, Petitioner signed a notice of referral of the charge of possession of a weapon to the DHO; he stated that he did not wish to have a staff representative or witnesses. (Id. at 19.) On the same date he signed a notice of his procedural rights concerning the disciplinary proceedings.

(Id. at 20.)

The DHO hearing was held on October 8, 2009. Petitioner admitted the charges. (Doc. 8-2 at 2.) The DHO considered the incident report and investigation, Petitioner's admission, and the photograph of the weapon. (Doc. 8-2 at 3.) The DHO found that Petitioner had possessed a weapon in violation of prohibited acts code 104 based on the written report of the incident made by staff; Petitioner's admissions that the weapon was his to the investigating lieutenant, the unit disciplinary committee, and the DHO at the hearing; and the photograph taken at the time of the incident that reflected one metal homemade weapon that was six and three-quarters inches in length and sharpened to a point on one end. (Id.)

The DHO imposed thirty (30) days of disciplinary segregation with ten (10) days suspended, disallowed forty (40) days of good conduct time, and prohibited commissary privileges for 180 days. (Id. at 4.) The DHO report was electronically sent to the inmate's unit manager and was delivered to Petitioner within three working days of October 30, 2009. (Id. at 5.)

Respondent admits that Petitioner exhausted administrative remedies. (Ans., doc. 8 at 5-6.) It appears that Petitioner received a copy of the unit disciplinary committee's report during the administrative appeal. (Doc. 8-2 at 13.)

III.   The Hearing Officer

Petitioner alleges that Lieutenant D. Tyson, the Alternate Disciplinary Hearing Officer who presided over the DHO hearing, was not certified to conduct a DHO hearing and was not an impartial party.

5

A.  <u>Certification</u>

Petitioner alleges no facts concerning the certification or authority of Lt. Tyson to conduct the hearing.  Respondent submits the declaration of Discipline Hearing Administrator Ballash, who supervises the discipline hearing officers within the western region of the BOP.  Ballash's declaration notes that the appeal response within the administrative remedial process confirmed that Lt. Tyson was trained and certified as a DHO, even though it was not the staff person's primary job assignment. (Doc. 8-1, 6; doc. 8-2, 13.)

Accordingly, the Court concludes that there is no merit to Petitioner's generalized assertion that the DHO was not authorized or certified to preside over the DHO hearing.

B.  <u>Impartiality</u>

A fair trial in a fair tribunal is a basic requirement of due process.  <u>In re Murchison</u>, 349 U.S. 133, 136 (1955). Fairness requires an absence of actual bias and of the probability of unfairness.  <u>Id.</u>  Bias may be actual, or it may consist of the appearance of partiality in the absence of actual bias.  <u>Stivers v. Pierce</u>, 71 F.3d 732, 741 (9th Cir. 1995).  A showing that the adjudicator has prejudged, or reasonably appears to have prejudged, an issue is sufficient.  <u>Kenneally v. Lungren</u>, 967 F.2d 329, 333 (9th Cir. 1992).

However, there is a presumption of honesty and integrity on the part of decision makers which may be overcome by evidence of a risk of actual bias or prejudgment based on special facts and circumstances.  <u>Withrow v. Larkin</u>, 421 U.S. 35, 46-47, 58 (1975).

The mere fact that a decision maker denies relief in a given

6

case or has denied relief in the vast majority of cases does not demonstrate bias. Stivers v. Pierce, 71 F.3d at 742. This is because unfavorable judicial rulings alone are generally insufficient to demonstrate bias unless they reflect such extreme favoritism or antagonism that the exercise of fair judgment is precluded. Liteky v. United States, 510 U.S. 540, 555 (1994). The Supreme Court has ruled that a committee of correctional officers and staff, acting with the purpose of taking necessary disciplinary measures to control inmate behavior within acceptable limits, was sufficiently impartial to conduct disciplinary hearings and impose penalties including revocation of good time credits. Wolff v. McDonnell, 418 U.S. 539, 570-71 (1974).

    Here, Petitioner does not state any facts in support of his general assertion that the DHO was not impartial. In contrast, Respondent has submitted the response of the BOP in the administrative appeal process, which was made by Harrell Watts, Administrator of National Inmate Appeals, and authenticated by Ballash. It reflects that the DHO was not the reporting officer, investigating officer, a member of the unit disciplinary committee, a witness to the incident, or one who played any significant part in having the charges referred to the DHO. Accordingly, the DHO met the criteria established by BOP policy. (Doc. 8-2 at 13.) Under these circumstances, there is no basis to rebut or otherwise undermine the presumption that DHO Tyson was not impartial.

    Therefore, the Court concludes that Petitioner has not met his burden of showing that the DHO was not impartial.

Accordingly, Petitioner's claims concerning the DHO will be denied.

IV.   <u>Denial of Due Process Based on Allegedly Defective Notice</u>

Petitioner argues that he was not provided a copy of the unit disciplinary committee's hearing decision before the DHO hearing was held, and therefore his due process rights were violated.

The process due in a prison disciplinary proceeding includes: 1) written notice of the charges; 2) at least a brief period of time after the notice (no less than twenty-four hours) to prepare for the hearing; 3) a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action; 4) an opportunity for the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and 5) aid from a fellow inmate or staff member where an illiterate inmate is involved, or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case. <u>Wolff v. McDonnell</u>, 418 U.S. at 564, 566, 570.

Further, where good-time credits are a protected liberty interest, the decision to revoke credits must be supported by some evidence in the record. <u>Superintendent v. Hill</u>, 472 U.S. at 454.  The Court in <u>Hill</u> stated:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from

8

>which the conclusion of the administrative tribunal could be deduced...." <u>United States ex rel. Vajtauer v. Commissioner of Immigration</u>, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. <u>See</u> <u>ibid.</u>; <u>United States ex rel. Tisi v. Tod</u>, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); <u>Willis v. Ciccone</u>, 506 F.2d 1011, 1018 (CA8 1974).

<u>Superintendent v. Hill</u>, 472 U.S. at 455-56.  The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board; rather, there need only be some evidence in order to ensure that there was some basis in fact for the decision. <u>Superintendent v. Hill</u>, 472 U.S. at 457.

In <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270-71 (9th Cir. 1989), an inmate was found to have committed the disciplinary violation of possession of contraband (stolen sandwiches) and was assessed a forfeiture of thirty days of credit.  In the incident report, the violation was described as "stealing."  The prisoner sought relief under § 2241 for alleged due process violations. The court stated the following with respect to the adequacy of the notice given to the prisoner:

>Nor does appellant assert that the officer's description of the incident as "stealing" rather than as "possession of contraband" in the incident report deprived him of the opportunity to present a proper defense. The incident report described the factual situation that was the basis for the finding of guilt of possession of contraband and alerted Bostic that he would be charged with possessing something he did not own. *Cf. Wolff*, 418 U.S. at 563-64, 94 S.Ct. at 2978-79 (stating that "the function of [the] notice [of a claimed violation] is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are"). The incident report

9

>adequately performed the functions of notice described in *Wolff. See id.*

Bostic v. Carlson, 884 F.2d at 1270-71.

Here, the incident report received by Petitioner before the occurrence of both the unit disciplinary committee hearing and the DHO hearing described the basic facts of the allegation (the discovery of the sharpened metal object magnetized and hidden on the bottom of Petitioner's cell door). The incident report thus unambiguously described the factual situation that was the basis for the finding of guilt.

Petitioner has not stated any facts or mounted any argument regarding how the failure to receive a copy of the later unit discipline committee report prejudiced him or affected his ability to defend against the charge. The Court notes that Petitioner admitted ownership of the weapon. Petitioner has not shown that any technical defect with respect to receipt of the committee report resulted in diminution of his opportunity to marshal the facts in his defense or to respond to clearly identified charges. In view of the specificity of the allegations, and considering Petitioner's admission of guilt, it is clear that Petitioner had an opportunity to marshal the facts in his defense and to clarify what the charges were. The incident report thus adequately performed the essential functions of notice that were determinative in Bostic and detailed in Wolff.

Therefore, the Court concludes that Petitioner has failed to show a due process violation with respect to notice of the charges.

To the extent that Petitioner challenges the disciplinary finding itself, Petitioner's challenge lacks merit. The Petitioner's admission, the report of the officer who discovered the weapon, and the photograph constituted some evidence in support of the decision. Cf., Superintendent v. Hill, 472 U.S. at 447-48, 456-57 (an officer's testimony and report of discovering an assaulted inmate, along with corroborating circumstantial evidence, were held sufficient to support a finding of assault).

In summary, Petitioner has failed to establish a violation of his right to due process of law. Accordingly, Petitioner's due process claim or claims will be denied.

V. Disposition

The Court concludes that Petitioner failed to establish his claims, and the petition should be denied.

Accordingly, it is ORDERED that:

1) Petitioner's petition for writ of habeas corpus is DENIED; and

2) The Clerk is DIRECTED to enter judgment for Respondent.

IT IS SO ORDERED.

Dated: **December 20, 2012**            /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE